UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER SHAMAR McCAIN,

    Petitioner,

vs.                                 Case No.:    3:17-cv-643-J-32MCR
                                                            3:12-cr-34-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Christopher Shamar McCain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, Motion to Vacate).[1] The United States has responded. (Civ. Doc. 5, Response). Petitioner did not file a reply.

In July 2014, Petitioner pled guilty to two counts of robbery affecting commerce, in violation of 18 U.S.C. § 1951(a), and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. 85, Plea Agreement; see also Crim. Doc. 87, Acceptance of Guilty Plea). Petitioner waived the right to appeal his sentence as part of his plea agreement. (Crim. Doc. 85 at 16, ¶B.6). Petitioner moved several times to continue sentencing, and two years later, on November 30, 2016, the Court sentenced Petitioner to 385 months in prison – just

---

[1]     Citations to the record in the underlying criminal case, United States vs. Christopher Shamar McCain, Case 3:12-cr-34-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case 3:17-cv-643-J-32MCR, will be denoted as "Civ. Doc. __."

1

above the mandatory minimum.² (Crim. Doc. 103, Minute Entry of Sentencing Proceedings; Crim. Doc. 104, Judgment). The Court entered judgment on January 12, 2017, and Petitioner did not file a notice of appeal.

Several months later, Petitioner filed the instant Motion to Vacate pro se, in which he raised three grounds: (1) that his federal public defender, Maurice Grant, gave ineffective assistance of counsel by failing to file a requested notice of appeal (although Petitioner waived the right to appeal under his plea agreement); (2) that his convictions and sentence under 18 U.S.C. § 924(c) are invalid because § 924(c)(1) "is not a Congressionally Enacted Offense"; and (3) that his sentences under § 924(c) are invalid because § 924(c)'s sentencing provisions are inconsistent with 18 U.S.C. §§ 3551 and 3553(a).

The government did not respond to Grounds Two and Three. Nor does the government concede that Petitioner's counsel was ineffective with respect to Ground One. (Civ. Doc. 5 at 5). However, recognizing that an evidentiary hearing would be necessary to resolve Ground One were it to be contested, the government submits that it would be in the interest of conserving resources to grant the motion "only to the extent that McCain would be afforded an out-of-time appeal pursued by appointed

---

² The Court was required to impose a 7-year mandatory minimum sentence with respect to the first conviction for brandishing a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii). The Court was further required to impose a consecutive 25-year mandatory minimum sentence with respect to the second conviction for brandishing a firearm. 18 U.S.C. § 924(c)(1)(C)(i). Thus, Petitioner's mandatory minimum sentence for the two firearm convictions alone was 32 years, or 384 months.

2

counsel." (Id.) (emphasis added). The government does not concede that Petitioner is entitled to any relief from his convictions or sentence.

Ordinarily, a district court must "resolve all claims for relief raised in a petition for writ of habeas corpus … regardless of whether habeas relief is granted or denied." Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (citations omitted). However, in this context, where a petitioner claims he has been denied the right to a direct appeal, the Eleventh Circuit "think[s] the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). Although a court could consider the remaining claims on the merits, as Clisby usually requires, such an approach might entail "significant inefficiencies." Id.

Thus, the procedure the Eleventh Circuit has developed for such situations is the following: the district court should (1) vacate the criminal judgment from which the petitioner seeks to appeal; (2) reimpose the same sentence; (3) upon reimposing the sentence, advise the petitioner of all the rights associated with an appeal from a criminal sentence; and (4) advise the petitioner of the time for filing a notice of appeal under Rule 4(b)(1)(A)(i), Federal Rules of Appellate Procedure. United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). Notably, a district court may carry out this procedure without convening a hearing. United States v. Parrish, 427 F.3d 1345, 1347-48 (11th Cir. 2005); United States v. Martin, 206 F. App'x 893, 897 n.3 (11th Cir. 2006).

3

In light of the foregoing, the Court intends to grant the Motion to Vacate only to the extent that Petitioner may pursue an out-of-time appeal. Consistent with the procedures outlined in <u>Phillips</u>, <u>McIver</u>, and <u>Parrish</u>, it is hereby **ORDERED:**

1. Petitioner Christopher Shamar McCain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **GRANTED** to the limited extent that Petitioner may pursue an out-of-time appeal with the assistance of appointed counsel. The remaining claims are **DISMISSED WITHOUT PREJUDICE**. Petitioner's convictions and sentence remain unaffected.

2. The Court **VACATES** the criminal judgment entered on January 12, 2017. (Crim. Doc. 104). The Court will enter an amended judgment shortly after entry of this Order.

3. The Court advises Petitioner that although he waived the right to appeal, he may still have grounds for an appeal, about which this Court makes no judgment. Petitioner has the right to the assistance of counsel in pursuing any appeal. To that end, the Court appoints Darcy Galnor to represent Petitioner in filing any appeal.

4. Petitioner will have **14 days** from the entry of the new criminal judgment to file a notice of appeal under Fed. R. App. P. 4(b)(1)(A)(i).

5. This Order shall constitute a final judgment in the civil action in favor of

Petitioner. The Clerk shall close the civil file and term any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of April, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record

Pro se petitioner